NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO WHITE LANDELL, Ph.D.,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2015-3045

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-5854-I-1.

---

Decided: October 5, 2015

---

ANTONIO WHITE LANDELL, Bristow, VA, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by FRANKLIN E. WHITE, JR., ROBERT E. KIRSCHMAN, JR., JOYCE R. BRANDA.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

NEWMAN, *Circuit Judge*.

Dr. Antonio W. Landell seeks judicial review of the Merit System Protection Board's (MSPB) decision affirming the Defense Intelligence Agency's (the Agency) termination of his employment after the Agency revoked his security clearance. *Landell v. Dept. of Defense*, No. PH-0752-13-5854-I-1 (M.S.P.B. Sept. 12, 2014). We *affirm* the MSPB's decision.

## BACKGROUND

Dr. Landell was employed as an Intelligence Officer in a position that required eligibility for access to Sensitive Compartmented Information, and he had been given the appropriate security clearance. On November 16, 2011, the Defense Intelligence Central Adjudication Facility (DICAF) advised Dr. Landell that the Agency intended to revoke his security clearance because of security concerns that were inconsistent with the Agency's eligibility criteria. The DICAF provided Dr. Landell with a Statement of Reasons for the intended action. On June 20, 2012, the Agency suspended him from his duties, and on August 1, 2012, the DICAF notified Dr. Landell that his security clearance had been revoked and that he was entitled to appeal the revocation to the Defense Intelligence Security Appeals Board (DISAB). Dr. Landell appealed, and, after receiving submissions and argument, the DISAB affirmed the decision to revoke his security clearance. The Agency then terminated his employment for failure to maintain a security clearance, a stated condition of employment for all positions with this agency.

On appeal to the MSPB, the Administrative Judge and then the full Board affirmed, ruling that Dr. Landell had received procedural due process, and that the MSPB had no authority to review an agency's decision to revoke a security clearance, other than to ascertain that the requirements of due process had been met.

On appeal to this court, Dr. Landell states that the Agency's action was unjust and unfair, that he had done no wrong, that the alleged infraction had occurred years earlier in military service, that he was the victim of favoritism and discrimination, and that the MSPB erred in declining to review the merits of the revocation.

## DISCUSSION

The MSPB held that it does not have authority to review an agency's revocation of security clearance, other than to ascertain whether the employee received due notice of the proposed action and had an opportunity to be heard as required by *Dept. of the Navy v. Egan*, 484 U.S. 518, 530–31 (1988). Precedent has elaborated that the MSPB's review is limited to "whether a security clearance was denied, whether the security clearance was a requirement of the appellant's position, and whether the procedures set forth in Section 7513 were followed." *Hesse v. Dept. of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000). In conducting this limited review, the MSPB may consider whether an agency committed harmful error by failing to follow its own regulations in denying or revoking the security clearance. *Romero v. Dept. of* Defense, 527 F.3d 1324, 1329 (Fed. Cir. 2008).

The MSPB reviews removals only to the extent of ascertaining whether an agency's formal policy requires reassignment under such conditions and, if so, whether a position existed to which the appellant could be reassigned. *Blagaich v. DOT*, 90 M.S.P.R. 619 ¶ 16 (2001), *aff'd*, 63 F. App'x 476 (Fed. Cir. 2003).

Dr. Landell states that the Agency violated unspecified procedures, regulations, and laws; violated Title VII of the 1964 Civil Rights Act, the Pendleton Act, and the Uniformed Services Employment and Reemployment Rights Act of 1994; did not provide any factual evidence in support of its action; and conspired to remove him from his position in order to hire a more favored candidate. In

accordance with *Egan*, the MSPB did not review these issues and arguments, but limited its review to the procedural requirements.

The MSPB found that Dr. Landell was provided with a Statement of Reasons for the proposed revocation, and that the procedural protections of Section 7513 were followed, including the opportunity to respond. With respect to reassignment, it is not disputed that security clearance is a requirement of all positions at this agency.

We do not discern reversible error in the MSPB's application of its limited review authority with respect to employment actions based on security clearance requirements. Although Dr. Landell's appeal brief is directed to the merits of the revocation of his security clearance, the MSPB correctly determined that the Agency provided the requisite procedural due process, and that the merits of the revocation are not reviewable by the MSPB. Similarly, review of that issue is not within the authority of this Court on appeal from the MSPB ruling. The MSPB decision is affirmed.

Each party shall bear its costs.

**AFFIRMED**